**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

CHRISTY ORR.,

　　　　　　**Plaintiff,**　　　　　　　　　**Case No. 2:26-cv-95**

　　v.　　　　　　　　　　　　　　　**District Judge Edmund A. Sargus**
　　　　　　　　　　　　　　　　　　**Magistrate Judge Kimberly A. Jolson**

JOSEPH ORR, et al.,

　　　　　　**Defendants.**

## ORDER AND REPORT & RECOMMENDATION

This matter is before the Undersigned for consideration of Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1), and the initial screen of her Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2).  Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 1) is **GRANTED**.  All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a).  After conducting the required initial screen, the Undersigned **RECOMMENDS** that Plaintiff's Amended Complaint (Doc. 4) be **DISMISSED**.

## I. BACKGROUND

To start, Plaintiff filed an original complaint on January 23, 2026.  (Doc. 1-1).  On February 25, Plaintiff filed an Amended Complaint, which adds new claims while keeping only some of her original claims the same.  (*See generally* Doc. 4).  Plaintiff's Amended Complaint supersedes her original complaint, so the Undersigned considers the claims in the second complaint only. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (quotation and citation omitted).  Still, the Undersigned will sometimes cite to Plaintiff's initial complaint to provide additional context when describing her claims. *See Stewart v. Wayne Cnty. Prob. Ct.*, No. CV 23-12296, 2025 WL 699701, at *2 n. 3 (E.D. Mich. Feb. 10, 2025) ("[W]hile Stewart's amended complaint in ECF No. 37 is the operative

complaint, the Court will sometimes cite to Stewart's initial complaint to provide additional context when explaining her claims"), *report and recommendation adopted*, No. 2:23-CV-12296, 2025 WL 698703 (E.D. Mich. Mar. 4, 2025).

Looking at those claims now, Plaintiff's Amended Complaint concerns two underlying state court cases. The first is Plaintiff's 2021 criminal case. She alleges that on December 12, 2021, her then husband, Joseph Orr, called the Morrow County Sherriff's Office and filed a false report against her. (Doc. 4 at 5). Based on Defendant Orr's statements, Plaintiff was arrested for domestic violence. (*Id.*). According to Plaintiff, Lieutenant Brian Newsome "approved the arrest despite a personal conflict of interest." (*Id.*). Plaintiff asserts a Fourth Amendment claim for wrongful arrest against Defendants Orr and Newsome. (*Id.*). She seeks monetary damages. (*Id.* at 11).

Once detained, Plaintiff says, she was "subjected to searches and detention procedures at Morrow County Jail" including a full body x-ray, a mandatory shower in front of an officer, and "issuance of jail clothing and placement in a cell." (*Id.* at 5). For these actions, she alleges violations of the Fourth Amendment due to unreasonable searches and conditions of confinement. (*Id.*).

The second underlying case concerns Plaintiff's divorce. On January 24, 2022, Defendant Orr filed for divorce against Plaintiff. (Doc. 1-1 at 15). Magistrate Judge Celeste Brammer and Judge Robert Hickson presided over the case. Relevant here, the Orrs hotly contested custody of their children. (*Id.* at 15). According to Plaintiff, the custody dispute proceeded largely as follows. Plaintiff underwent a psychological evaluation in February 2022, and the evaluator noted Plaintiff had no history of alcohol and drug abuse, and that her post traumatic stress disorder should not interfere with her ability to be a parent. (*Id.* at 17). Toward the end of 2022, Magistrate Brammer

2

ordered Plaintiff and Defendant Orr to sit for a psychological evaluation under O.R.C. § 3109.04. (*Id.* at 8, 15–16). Plaintiff does not attach the results of her second evaluation. To help resolve the custody dispute, the court appointed Stephanie Kreisher to act as guardian ad litem ("GAL") and represent the children's best interests. (*Id.* at 8). At some point in the case, the GAL testified on behalf of Defendant Orr. (*Id.*). Eventually, Magistrate Brammer awarded full custody to Defendant Orr. (*Id.*).

Now, Plaintiff seeks monetary damages from the actors involved in her custody battle. (Doc. 4 at 5)*.* Specifically, she sues the GAL for First Amendment retaliation for recommending termination of Plaintiff's visitation; and for Fourteenth Amendment Substantive Due Process violations for "maintain[ing] a dual role by serving as [GAL] while also acting as Director of the . . . facility where supervised visitation occurred." (Doc. 4 at 7–9)*.* She asserts the same claim against Magistrate Brammer for depriving her of her liberty interest in caring for her children. (*Id.* at 7). She also asserts a Procedural Due Process claim against Magistrate Brammer for entering inaccurate information in the divorce decree and inaccurately calculating child support obligations. (*Id.*). She also sues Magistrate Brammer and Judge Hickson for Fourteenth Amendment "Judicial Bias and Equal Protection" violations because they "demonstrated bias in proceedings involving custody and protection orders." (*Id.*).

For the following reasons, Plaintiff's Amended Complaint should be dismissed in its entirety.

## II.     STANDARD

Because Plaintiff is proceeding *in forma pauperis*, the Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

3

§ 1915(e)(2). *Pro se* litigants' complaints are to be construed liberally and held to less stringent standards than those prepared by attorneys. *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004). But this leniency is not boundless, and "it is not within the purview of the district court to conjure up claims never presented." *Frengler v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012). At bottom, "basic pleading essentials" are still required, regardless of whether an individual proceeds *pro se*. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

These essentials are not onerous or overly burdensome. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *see* Fed. R. Civ. P. 8(a)(2), and provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted). In reviewing Plaintiff's Complaint at this stage, the Court must construe it in her favor, accept all well-pleaded factual allegations as true, and evaluate whether it contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Although this standard does not require "detailed factual allegations, . . . [a] pleading that offers labels and conclusions" is insufficient. *Id.* at 678 (internal quotation and quotation marks removed). In the end, the Court must dismiss the Complaint "if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation and quotation marks omitted).

## III. DISCUSSION

Having reviewed the Complaint, the Undersigned notes that many of the claims overlap. Still, the Undersigned will address each.

## A. Defendants Kreisher, Brammer, and Hickson

As an initial matter, Defendants Kreisher, Brammer, and Hickson should be dismissed. Plaintiff sues these Defendants, two judges and a GAL, for monetary damages related to the acts they allegedly committed in Plaintiff's custody dispute. (Doc. 4 at 7). Judges and GALs are entitled to absolute immunity from suit regarding actions committed in their official capacities. *Downing v. Rumer*, 875 F.2d 863, 863 (6th Cir. 1989) ("Judges may not be sued for monetary damages for acts relating to their official duties. It is well established that judges are absolutely immune from suit."); *Kinter v. Boltz*, No. 3:12-CV-85, 2012 WL 2871623, at *6 (S.D. Ohio July 12, 2012) ("Like judges, guardian[s] ad litem[] acting in their official capacities as advocates for children are integral to the judicial proceedings and therefore entitled to absolute immunity."). Though Plaintiff sues Defendants Kreisher, Brammer, and Hickson in their individual and official capacities (Doc. 4 at 11), it is clear that Plaintiff complains about actions that these Defendants committed in their official capacities. Therefore, the Undersigned **RECOMMENDS** that they be **DISMISSED**.

## B. Fourth Amendment False Arrest and Unreasonable Seizure

Turning now to Plaintiff's other claims. The crux of the Amended Complaint is Plaintiff's Fourth Amendment claim for false arrest and unreasonable seizure, asserted under 42 U.S.C. § 1983. (Doc. 4 at 5). As best the Undersigned can tell, Plaintiff brings this cause of action against Defendant Orr and Lieutenant Brian Newsome. (*Id.*). Her claims ultimately should not go through as applied to any of these Defendants. The Undersigned analyzes each in turn.

### 1. Defendant Joseph Orr

Plaintiff first asserts that Defendant Orr violated her Fourth Amendment rights when he "called the Morrow County Sheriff's Office and filed a false report causing me to be arrested." (*Id.*). It is well-established that plaintiffs may not assert § 1983 claims against private individuals

5

acting as private individuals.  *Eubanks v. Brickstone Props.*, LLC, No. 1:14-CV-754, 2014 WL 5662434, at \*3 (S.D. Ohio Nov. 4, 2014) ("Suit against a private actor may not be maintained under 42 U.S.C. § 1983.").  Moreover, individuals who report crimes or call the police cannot be held liable for the constitutional violations of the arrestee.  *See, e.g.*, *Moldowan v. City of Warren*, 578 F.3d 351, 399 (6th Cir. 2009) ("Providing information to the police . . . does not expose a private individual to liability for actions taken under color of law."); *Leta v. Hamilton Cnty. Dep't of Job & Fam. Servs.*, 668 F. Supp. 3d 724 (S.D. Ohio 2023) (citing *e.g.*, *Fisk v. Letterman*, 401 F. Supp. 2d 362, 367 (S.D.N.Y. 2005) (holding "a private party who calls police officers for assistance" cannot be held liable under § 1983 "unless the police officers were improperly influenced or controlled by the private party")), *aff'd sub nom. Leta v. TriHealth, Inc.*, No. 23-3406, 2024 WL 229563 (6th Cir. Jan. 22, 2024).  These rules apply, even where a plaintiff alleges that the statements an individual made to police were false.  *Carranza v. Cnty. of Cassopolis, Mich.*, No. 1:14-CV-887, 2014 WL 7051684, at \*2 (W.D. Mich. Dec. 12, 2014) (dismissing constitutional claims against private citizens because "the Tisers were acting merely as private individuals" when they allegedly "made false statements to the police that resulted in her arrest and prosecution.").

Here, Plaintiff sues her ex-husband, a private individual, for calling the police and filing a false report that led to her arrest.  (Doc. 4 at 5).  Like in *Carranza*, nothing in Plaintiff's complaint indicates that Defendant Orr acted as an agent of the state in doing so.  *Carranza*, 2014 WL 7051684, at \*2.  Nor does she allege that Defendant Orr committed any other act besides providing information to the police.  Accordingly, Plaintiff cannot assert a wrongful arrest claim against her ex-husband for calling the police and filing a report, regardless of the report's veracity.  The Undersigned **RECOMMENDS** this claim be **DISMISSED** against Defendant Orr.

6

2. *Defendant Lieutenant Brian*

Next, Plaintiff asserts her false arrest claim Lieutenant Brian Newsome for "approv[ing] the arrest, despite a personal conflict of interest." (Doc. 4 at 5). Defendant Brian is a state actor, but Plaintiff's claims against him are nevertheless time-barred.

In Ohio, § 1983 claims have a two-year statute of limitations. *Lee v. Underwood*, No. 1:23-CV-01716, 2025 WL 296026, at *3 (N.D. Ohio Jan. 24, 2025). And the statute of limitations for a false arrest and unreasonable seizure of persons claim accrues "at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397, (2007). *Spencer v. Adams*, No. 1:19-CV-873, 2019 WL 5956803, at *4 (W.D. Mich. Nov. 13, 2019) (interpreting *Wallace* to apply in the context of unreasonable seizure claims).

Here, Plaintiff alleges she was arrested and detained for domestic violence on December 12, 2021. (Doc. 4 at 5). Thus, Plaintiff needed to file her Complaint no later than December 12, 2023. *Lee*, 2025 WL 296026, at *3; *Fleet*, 2016 WL 1241540, at *8. Because she did not file this claim until January 23, 2026, Plaintiff's Fourth Amendment wrongful arrest claim is untimely. The Undersigned **RECOMMENDS** this claim be **DISMISSED**.

C. **Fourth Amendment Unreasonable Search and Conditions of Detention**

Plaintiff makes another Fourth Amendment claim, this time arguing she was subjected to an unreasonable search of her person and unreasonable detention procedures when she had to undergo a full body x-ray and take a mandatory shower in front of an officer, upon her booking to Morrow County Jail. (Doc. 4 at 5). She also claims that she was unreasonably forced to undergo a drug test and psychiatric evaluation in February 2022. (*Id.*). Fatally, Plaintiff does not state against whom she asserts these claims. "Since Plaintiff does not identify a Defendant against whom he alleges this claim, the claim fails to state claim and will be dismissed." *Zain v. Osborne*, No. 4:10CV-P109-M, 2012 WL 435582, at *12 (W.D. Ky. Feb. 9, 2012) (citing *Rizzo v. Goode*,

423 U.S. 362, 375–76, (1976) (noting that to state a claim for relief, Plaintiff must show how each Defendant is accountable because the Defendant was personally involved in the acts about which he complains.))).  Even if the Undersigned were to construe named Defendants here, Plaintiff's claims are also untimely.

Like seizures, the two-year statute of limitations for a Fourth Amendment unreasonable search claim begins to run at the time Plaintiff knows or has reason to know about the occurrence of the unconstitutional search.  *Codrington v. Dolak*, 142 F.4th 884 (6th Cir. 2025).  Plaintiff was arrested December 12, 2021, and she was released from Morrow County Jail the next day.  (Doc. 4 at 5).  Because the alleged searches of her person occurred in the jail and "[f]ollowing the arrest" (*id.*), the latest Plaintiff could have incurred a known injury was December 13, 2021.  Thus, her deadline to timely file this complaint was at the latest December 13, 2023.  Because she failed to do so by the deadline, her claim is again time-barred.

Her Fourth Amendment claim as applied to her drug test and psychiatric evaluation are also untimely, for the same reasons.  Plaintiff alleges she was forced to undergo these tests on February 16, 2022.  (*Id.*).  Her deadline to file this claim was February 16, 2024.  She again missed this deadline, and this claim is again untimely.

So too is Plaintiff's "unreasonable conditions of detention" claim, which she brings under the same facts as her unreasonable search claim.  The statute of limitations for this claim—oft understood as an excessive force claim—accrues from the time the constitutional injury occurred. *Hodge v. City of Elyria*, 126 Fed. Appx. 222, 224 (6th Cir. 2005).  Again, Plaintiff's injuries (i.e., enduring the conditions of detention) occurred on December 13, 2021, at the latest.  She failed to bring her claim by December 13, 2023, so this claim is time-barred.

For these reasons, Plaintiff's second set of Fourth Amendment claims should be dismissed.

**D.    First Amendment Retaliation**

Finally, Plaintiff brings a First Amendment retaliation claim against the GAL and Defendant Orr. (Doc. 4 at 7). Because the Undersigned previously recommended dismissal of the GAL on the basis of absolute immunity, the Undersigned need not evaluate the validity of this claim as applied to her. As for Defendant Orr, Plaintiff says he "engaged in retaliatory conduct in response to Plaintiff's exercise of her First Amendment right to petition." (*Id.*). Plaintiff does not specify the "retaliatory conduct" her ex-husband allegedly committed (*id.*). At best, Plaintiff says she "has been denied visitation with her son, and her access to her other children has been restricted or terminated." (*Id.*). Even assuming she attributes this conduct to Defendant Orr, he is still a private actor. *Tidik v. Ritsema*, 938 F. Supp. 416, 425 (E.D. Mich. 1996) ("Defendant Tidik, as a private litigant in a divorce proceeding, was clearly a private actor."). To the extent Defendant Orr kept Plaintiff from seeing the children, this is private conduct. *Cf. id.* (holding that private actors denying visitation is private conduct). Plaintiff's First Amendment claim is therefore inactionable under § 1983. *Bardwell v. Clarion Pointe Hotel*, No. 5:23-CV-91-CRS, 2023 WL 8439772, at *2 (W.D. Ky. Dec. 5, 2023) ("As such, [the plaintiff's] Complaint fails to assert a First Amendment retaliation claim as it complains of private conduct by private actors. These allegations cannot, as a matter of law, state a cognizable § 1983 claim."). Accordingly, Plaintiff's First Amendment claim must be dismissed.

**IV.    CONCLUSION**

For the foregoing reasons, the Undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED.**

Date: March 9, 2026                    /s/ Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE

9

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo* and operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).