UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTY ORR,

        **Plaintiff,**

        **v.**                              **Case Number 2:26-cv-95**
                                          **Judge Edmund A. Sargus, Jr.**
                                          **Magistrate Judge Kimberly A. Jolson**

JOSEPH ORR, *et al.*,

        **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Order and Report and Recommendation recommending dismissal of Plaintiff Christy Orr's Amended Complaint. (ECF No. 5.) Plaintiff filed a timely Objection. (ECF No. 6.) For the reasons stated in this Opinion and Order, the Court **OVERRULES** Plaintiff's Objection (ECF No. 6) and **ADOPTS** and **AFFIRMS** the Magistrate Judge's Order and Report and Recommendation (ECF No. 5).

## BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis*, filed this lawsuit under 42 U.S.C. § 1983 against Defendants Joseph Orr; Lieutenant Brian Newsome, Morrow County Sheriff's Department; Stephanie Kreisher, guardian ad litem ("GAL"); Magistrate Celeste Brammer; and Judge Robert Hickson for violations of the First, Fourth, and Fourteenth Amendments. (ECF No. 4.)

As explained by the Magistrate Judge, Plaintiff's Amended Complaint arises from two state-court matters: a 2021 criminal case and a subsequent divorce and custody dispute. (*See id.*) Plaintiff alleges that her then-husband, Joseph Orr, falsely reported her to the Morrow County Sheriff's Department, leading to her arrest for domestic violence, which she claims was

wrongfully approved by Lieutenant Brian Newsome despite a conflict of interest, violating her

Fourth Amendment rights. (*Id.* PageID 61.) She also challenges the legality of the search and

detention procedures she experienced in jail. (*Id.*) The divorce case was filed by Mr. Orr in 2022

and involved a highly contested custody dispute. (*See* ECF No. 1-1, PageID 20.)[1] The details of

the case are not clear, but the court ultimately awarded full custody to Mr. Orr with no parenting

time for Plaintiff until she completed counseling. (*Id.* PageID 23–24.)

Plaintiff is seeking monetary damages from the actors involved in the state-court matters.

(ECF No. 4, PageID 67.) She asserts First and Fourth Amendment claims against Mr. Orr arising

from her arrest and the custody dispute (*id.* PageID 61, 63); Fourth Amendment claims against

Lieutenant Newsome related to her arrest (*id.* PageID 61); and First Amendment retaliation and

Fourteenth Amendment substantive due process claims against GAL Stephanie Kreisher for

depriving her of her parental rights (*id.* PageID 63, 65). She also brings procedural and

substantive due process claims under the Fourteenth Amendment against Magistrate Brammer

for entering inaccurate information in the divorce decree, improperly determining child support

obligations, and depriving her of her parental rights. (*Id.* PageID 63, 65.) She also sues Judge

Hickson and Magistrate Brammer for judicial bias and equal protection violations under the

Fourteenth Amendment. (*Id.* PageID 65.)

The Magistrate Judge conducted an initial screen of Plaintiff's Amended Complaint

under 28 U.S.C. § 1915(e)(2) and recommended dismissing the Amended Complaint in its

---

[1] Plaintiff's Amended Complaint (ECF No. 4) is the operative complaint. But for additional context, the Court cites to the attached state-court documents in Plaintiff's first Complaint (ECF No. 1-1, PageID 20–21, 23–24) here, which were not attached to her Amended Complaint. *See Stewart v. Wayne Cnty. Prob. Ct.*, No. 23-12296, 2025 WL 699701, at *2 n.3 (E.D. Mich. Feb. 10, 2025), *report and recommendation adopted*, No. 2:23-cv-12296, 2025 WL 698703 (E.D. Mich. Mar. 4, 2025).

entirety. (ECF No. 5, PageID 69.) Specifically, the Magistrate Judge recommended dismissing the claims against Judge Hickson, Magistrate Brammer, and GAL Kreisher because judges and GALs are entitled to absolute immunity from suit regarding actions committed in their official capacities. (*Id.* PageID 73.) As for the claims against Mr. Orr, the Magistrate Judge explained that claims brought under 42 U.S.C. § 1983 cannot be asserted against private individuals and, moreover, individuals who report crimes or call the police cannot be held liable for constitutional violations of the arrestee. (*Id.* PageID 73–74, 77.) The Magistrate Judge recommended dismissal of the false-arrest claim against Lieutenant Newsome because it is time-barred, as § 1983 claims have a two-year statute of limitations in Ohio and Plaintiff's arrest occurred in December 2021, but she filed this lawsuit in January 2026. (*Id.* PageID 75.) For the same reason, the Magistrate Judge recommended dismissal of the unreasonable-search and conditions-of-detention claims related to Plaintiff's arrest. (ECF No. 76.)

**ANALYSIS**

If a party timely objects to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

First, Plaintiff objects to her claims being time-barred. (ECF No. 6, PageID 79.) She argues that (1) the deprivation of her due process rights was ongoing and not time-barred and (2) she was "prevented from timely asserting her claims due to notice, lack of service, and procedural irregularities that deprived her of the ability to participate in underlying proceedings." (*Id.*) Plaintiff's argument about the timeliness of her due process claims is unavailing because

3

those claims are barred by Defendants' entitlement to absolute immunity. The Magistrate Judge

correctly concluded that Plaintiff's procedural and substantive due process claims against Judge

Hickson, Magistrate Brammer, and GAL Kreisher should be dismissed because judges and

GALs are entitled to absolute immunity from suit regarding actions committed in their official

capacities. *See Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) ("It is well-established

that judges enjoy judicial immunity from suits arising out of the performance of their judicial

functions.") (quoting *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)); *Holt v. Cuyahoga*

*County*, No. 25-3671, 2026 U.S. App. LEXIS 4764, at *2 (6th Cir. Feb. 17, 2026) (explaining

that "immunity for judicial acts also extends to people who are important parts of the judicial

process," including guardians ad litem); *Kinter v. Boltz*, No. 3:12-cv-85, 2012 WL 2871623, at

*6 (S.D. Ohio July 12, 2012) (Newman, M.J.).

As for Plaintiff's claims under the Fourth Amendment, the Magistrate Judge correctly

explained that those claims are time-barred because they stem from Plaintiff's arrest in

December 2021, of which Plaintiff had notice, and the two-year statute of limitations period has

run. *See Campbell v. Smith*, No. 21-4198, 2022 U.S. App. LEXIS 25002, at *3 (6th Cir. Sep. 6,

2022) ("Ohio law establishes a two-year statute of limitations in which to file a § 1983 claim.")

(citing *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989) (en banc)).

Next, Plaintiff objects to dismissal of her claims against "private actors," arguing that

their actions were intertwined with state actors and taken under color of law for § 1983 purposes.

(ECF No. 6, PageID 79.) Mr. Orr, Plaintiff's ex-husband, is the only Defendant who is a private

actor in this case. Plaintiff fails to allege how Mr. Orr's actions were intertwined with state

actors. "Although *pro se* pleadings are to be liberally construed, courts are not required to

conjure up unplead allegations or guess at the nature of an argument." *Durrstein v. Arthur*, 28 F.

App'x 466, 467 (6th Cir. 2002). Because Mr. Orr is a private actor and Plaintiff does not allege any facts that Mr. Orr's actions were intertwined with state actors' actions, the § 1983 claims against Mr. Orr must be dismissed.

Lastly, Plaintiff asks the Court to take notice of two cases pending in this District, which she describes as "related," to show that "the issues presented in this case are not isolated."[2] (ECF No. 6, PageID 80.) Those cases involve some of the same defendants as this case but are otherwise unrelated to this lawsuit. "Although the Court may take judicial notice of the fact that other lawsuits were filed, . . . it may not take judicial notice of *specific* facts, allegations, or conclusions within those other lawsuits." *Harper v. Univ. of Toledo*, No. 3:22 CV 1308, 2024 WL 1347296, at *9 (N.D. Ohio Mar. 29, 2024); *see also Kovacs v. Univ. of Toledo*, No. 3:22-cv-02151-JGC, 2023 WL 6518077, at *1 (N.D. Ohio Oct. 5, 2023) (citing *Changizi v. Dep't of Health & Hum. Servs.*, 82 F.4th 492, 498 n.7 (6th Cir. 2023)). It would be inappropriate for the Court to take judicial notice of alleged facts in unrelated cases to permit Plaintiff's claims to proceed in this case, as Plaintiff asks the Court to do here.

As a final note, in April 2026, Plaintiff filed a second Motion for Leave to Proceed *in forma pauperis.* (ECF No. 7.) Because this Court already granted Plaintiff leave to proceed *in forma pauperis* (ECF No. 5, PageID 69) and dismisses Plaintiff's Amended Complaint herein, Plaintiff's Motion is moot.

---

[2] The Objection is the first time Plaintiff asks the Court to take judicial notice of other cases. "As a general rule, district courts do not have to consider arguments on review that were not raised before the magistrate judge." *Nathan v. Ohio State Univ.*, No. 2:10-cv-872, 2013 WL 139874, at *4 (S.D. Ohio Jan. 10, 2013) (Smith, J.). Because *pro se* litigants' filings are subject to "less stringent standards than formal pleadings drafted by lawyers," the Court proceeds to address her request, nevertheless. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## CONCLUSION

For the reasons stated above, the Court **OVERRULES** (ECF No. 6) Plaintiff's Objection and **ADOPTS** and **AFFIRMS** (ECF No. 5) the Magistrate Judge's Order and Report and Recommendation. Further, (ECF No. 7) Plaintiff's Motion for Leave to Proceed *in forma pauperis* is **DENIED as moot**. The Court **DISMISSES** Plaintiff's Amended Complaint. (ECF No. 4.)

The Clerk is **DIRECTED** to enter judgment, close this case on the Court's docket, and mail a copy of this Opinion and Order to Plaintiff Christy Orr at 74 E High Street, Mt. Gilead, Ohio, 43338.

**IT IS SO ORDERED.**

**5/14/2026**                                               **s/Edmund A. Sargus, Jr.**
**DATE**                                                     **EDMUND A. SARGUS, JR.**
                                                                **UNITED STATES DISTRICT JUDGE**